IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CATHERINE A. LEVANTINO,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:20-cv-366-L** |
| **GATEWAY MORTGAGE GROUP, A DIVISION OF GATEWAY FIRST BANK,** | § § § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Gateway Mortgage Group's ("Defendant" or "Gateway") Motion to Dismiss and Brief in Support ("Motion") (Doc. 6), filed February 26, 2020. After careful consideration of the Motion and brief, Plaintiff's response, record, and applicable law, the court **grants** Defendant's Motion to Dismiss (Doc. 6) and **dismisses with prejudice** this action.

**I.      Factual and Procedural Background**

On April 17, 2018, Plaintiff Catherine A. Levantino ("Plaintiff" or "Ms. Levantino") obtained a purchase-money home mortgage loan from Defendant for the property located at 9536 Park Highlands, Dallas, Texas, 75238 (the "Property"). Ms. Levantino defaulted on the loan. On October 1, 2019, Gateway mailed a notice of default and opportunity to cure to Ms. Levantino. On January 23, 2020, it mailed the notice of acceleration and notice of substitute trustee's sale to Plaintiff, which noted that a foreclosure sale of the Property was scheduled for February 4, 2020. Ms. Levantino received the notice of default but did not receive the notice and opportunity to cure or a full and proper accounting of the amount owed to cure the default.[1]

---

[1] Plaintiff does not state whether she received the notice of acceleration and notice of substitute trustee's sale; however, given that she filed suit to stop the foreclosure sale, the court reasonably infers that she received this notice.

**Memorandum Opinion and Order – Page 1**

On January 31, 2020, Ms. Levantino filed this action in the 298th District Court of Dallas County, Texas, alleging a breach of contract claim against Gateway related to its attempt to foreclose on the Property and requesting a temporary restraining order ("TRO") to stop the foreclosure. The state court granted Plaintiff's request for an ex parte TRO on February 3, 2020, and Plaintiff amended her petition on February 4, 2020. Gateway removed this action to federal court on February 14, 2020.

In her First Amended Original Petition and Verified Request for Temporary Restraining Order ("Amended Petition") (Doc. 1-7),[2] Ms. Levantino alleges as follows:

> Plaintiff is the owner of the property located at 9536 Park Highlands, Dallas, Texas 75238.
> Defendant is the Plaintiff's mortgage holder, which is attempting to sell Plaintiff's property on February 4, 2020 through a foreclosure sale. See Verification of Catherine A. Levantino.
>
> . . .
>
> The Texas Property Code requires a mortgage lender to provide a Notice of Default and opportunity to cure given to the borrower. Plaintiff received no notice of the same as required by both the security documents and the property code.

Pl.'s Am. Pet. 1-2. In support of her request for a TRO, Plaintiff further alleges:

> The borrower did not receive the notice and opportunity to cure nor a Notice of Acceleration.
> Plaintiff failed to receive the proper notice from Defendant and has not ever received full and proper accounting from [ ] Defendant properly setting forth the alleged events of default. Plaintiff has never received service of this information despite being an owner. As such, Plaintiff has been unable to know how much is actually owed in order to cure default.

*Id.* Thus, she alleges that her failure to receive such notices constitutes a breach of contract.

Gateway filed its Motion to Dismiss on February 26, 2020, and Ms. Levantino filed her Response and Brief in Support of Response to Defendant's Motion to Dismiss ("Response") (Doc.

---

[2] Ms. Levantino did not file an amended complaint after removal of this action. The court, therefore, will refer to the facts alleged in her state court Amended Petition to determine whether dismissal is warranted.

**Memorandum Opinion and Order – Page 2**

7) on May 25, 2020—well after the March 18, 2020[3] deadline to respond and without requesting leave of court to file her late response. Gateway did not file a reply.

## II. Discussion

### A. Standard for Rule 12(b)(6) – Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

---

[3] Northern District of Texas Local Rule 7.1(e) states, "A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." As Gateway filed its Motion to Dismiss on February 26, 2020, Ms. Levantino's response was due no later than March 18, 2020. Gateway did not object to the untimely filing. The court, therefore, determines that it is not in the best interest of judicial efficiency to exalt procedure over substance and strike Plaintiff's Response at this juncture. Moreover, Defendant has not requested that the court strike the late-filed Response.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or

legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

**B.     Analysis**

In its Motion to Dismiss, Gateway asserts that Ms. Levantino's breach of contract claim fails as a matter of law because she fails to allege facts supporting any element of her breach of contract claim. Specifically, it contends that it is well-established under Texas law that a plaintiff must sufficiently allege which provision of a contract has been breached to survive a motion to dismiss, which Plaintiff has failed to do. Def.'s Mot. 6 (citing a string of cases supporting its proposition). It also notes that the crux of Plaintiff's breach of contract claim is that she did not receive notice of default or an opportunity to cure and contends that non-receipt of such notices is insufficient to state a claim because Texas law only requires that a lender send notice of default and an opportunity to cure, not receipt of the notices. *See* Def.'s Mot. 7 (citing a string of cases supporting its proposition). Accordingly, Defendant contends that Plaintiff's breach of contract claim fails as a matter of law, and, thus, its motion to dismiss should be granted. Defendant also

contends that Plaintiff's request for injunctive relief should be denied because she fails to assert any viable cause of action against it.

In response, Ms. Levantino contends that Gateway's Motion to Dismiss is nothing more than a summary judgment in disguise, without the benefit of admissible evidence, and, thus, Defendant's motion should be denied. She also asserts that the allegation in Plaintiff's Original Petition that she did not receive the notice and opportunity to cure is to be taken as true. Additionally, Plaintiff asserts as follows:

> Plaintiff did not receive the notice and opportunity to cure. The Texas Property Code 51.002(d) requires twenty (20) days' notice of default before Notice of Sale can be given under Section 51.002(b). Plaintiff has received no notice of the same as required by both the security documents and the property code.

Pl.'s Resp. 1-2.

Plaintiff further asserts that she "clearly alleges that she did not receive the notice and opportunity to cure, only a notice of default," and did not receive "a full and proper accounting from Defendant properly setting forth the alleged events of default." *Id*. at 2. She also contends that Defendant's argument that she suffered no damages ignores the allegations of her pleadings, specifically those asserted in the Application for TRO, which states that the Property is her homestead. Additionally, she asserts that the final section of Defendant's Motion appears to address a wrongful foreclosure action, which has not been pleaded. Accordingly, Ms. Levantino contends that Gateway is not entitled to dismissal because she pleaded sufficient facts to demonstrate that Defendant breached the notice provisions of the note and deed of trust, and overcome a motion to dismiss.

Plaintiff also contends that while Defendant attacks the pleaded facts, it only raises fact issues as to whether notice was given. Specifically, she notes that Defendant attempts to "parse the distinction between whether [it] 'sent' the notice or whether [she] actually received notice"

and asserts that this argument is more suited to a summary judgment than a motion to dismiss. *Id.* at 3. To the extent the court decides to consider Defendant's Motion as a motion for summary judgment, Plaintiff requests the opportunity to amend her pleadings.

To prevail on a breach of contract claim and survive a 12(b)(6) motion, Ms. Levantino must set forth sufficient allegations to demonstrate the following: "(1) the existence of a valid contract; (2) performance or tendered performance by [her]; (3) breach of the contract by the defendant; and (4) damages sustained by [her] as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex.App.—Houston [1st Dist.] 2001)).

Although Plaintiff's pleadings are not a model of pellucid draftsmanship, the court determines that the security documents referenced in Plaintiff's Amended Petition and the allegation that Defendant is the mortgage holder are sufficient facts to show that a valid contract exists between the parties. Defendant also acknowledges in its Motion that Plaintiff obtained a purchase-money home mortgage loan from it on April 17, 2018, which supports the existence of a valid contract. Def.'s Mot. 5. Thus, the court determines that the parties do not dispute the existence of a valid contract.

The issue, however, is that Plaintiff sets forth no allegations to support the remaining three elements of her breach of contract claim. First, she sets forth no allegation that she tendered performance, as required by the security documents. Instead, she acknowledges that she received the notice of default (Pl.'s Resp. 2), and, in both her Amended Petition and Response to Defendant's Motion, she states that she "has been unable to know how much is actually owed in order to cure the default" (Pl.'s Am. Pet. 2; *see also* Pl.'s Resp. 2). Based on these statements, Plaintiff admits that she is in default on the loan and, therefore, has not tendered performance,

which is an essential element of her breach of contract claim. Accordingly, Plaintiff's claim fails with respect to the second element.

      Second, while Ms. Levantino alleges in her Amended Petition that Defendant breached the security documents and the Texas Property Code, she fails to identify which security document Defendant breached or any specific provision of the contract that was breached as a result of Defendant's alleged conduct. Notably, she sets forth no allegation that Defendant's conduct was the cause of an alleged breach. Instead, she cites her failure to "receive" such notices without any allegation that her non-receipt—not Defendant's failure to send—breached a specific provision of the security documents. Further, Plaintiff's allegation that Defendant's alleged conduct violated the Texas Property Code is of no moment, as it has no bearing on the validity of her breach of contract claim.

      Plaintiff contends that the distinction between whether she *received* the required notices and whether Defendant *sent* such notices is a matter best reserved for summary judgment. The court disagrees. In considering a Rule 12(b)(6) motion, the court may consider the pleadings. As previously stated, the pleadings include the complaint and any documents attached to it. *Collins*, 224 F.3d at 498-99. Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). As Plaintiff raised the issue regarding notices and Defendant attached documents supporting its Motion to Dismiss with respect to this issue, the court may consider the contents of the attached documents because they are referenced in Plaintiff's live pleading and are central to her claim for breach of contract. The court, however, need not address which nomenclature is proper or address the sufficiency of Defendant's evidence, as Plaintiff's

breach of contract claim fails for other reasons as herein discussed. Moreover, the court need not address whether Plaintiff sufficiently pleaded allegations supporting damages, as she fails to sufficiently plead allegations with respect to the second and third elements of the claim. Accordingly, Plaintiff's claim fails as a matter of law, and, the court, therefore, will grant Defendant's Motion to Dismiss and dismiss Plaintiff's breach of contract claim.

    **C.**    **Amendment of Pleadings**

In response to Gateway's Motion to Dismiss, Ms. Levantino requests an opportunity to amend her pleadings in the event the court decided to treat Defendant's Motion as a motion for summary judgment. As the court did not treat the motion to dismiss as one for summary judgment, no request to amend is before the court.

Even assuming that Plaintiff made a legitimate request to amend, such request is unwarranted. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Plaintiff filed an Amended Petition in the state court but has not amended her pleadings since the case was removed. Generally, under these circumstances, courts often allow at least one

opportunity to amend to correct pleading deficiencies. *Great Plains Trust Co.*, 313 F.3d at 329. The court, however, determines that an amendment would be futile and unnecessarily delay resolution of this action. An essential element of a breach of contract claim is that Plaintiff must prove that she has tendered performance as required under the contract. Plaintiff, however, has twice acknowledged that she is in default. *See* Pl.'s Am. Pet. 2 (stating that she "has been unable to know how much is actually owed in order to cure the default"); *see also* Pl.'s Resp. 2. Based on her own admissions, Plaintiff is unable to plead sufficient facts to cure this deficiency with respect to her claim for breach of contract. Plaintiff has effectively "pleaded herself out of court" with these admissions, which the court accepts as true. Thus, the court will not allow Ms. Levantino to amend her pleadings, as doing so would be futile and unnecessarily delay a resolution of this action. Accordingly, Ms. Levantino's breach of contract claim will be dismissed with prejudice.

### III. Conclusion

For the reasons herein stated, Defendant's Motion to Dismiss (Doc. 6) is **granted**. As Plaintiff cannot cure the pleading deficiencies associated with her sole claim for breach of contract, the court determines that allowing an amendment of pleadings would be futile and, thus, Plaintiff will not be allowed to replead. As no claims remain, the court **dismisses with prejudice** this action. Additionally, as Plaintiff's substantive claims fail as a matter of law, her request for injunctive relief necessarily fails. Pursuant to Federal Rule of Civil Procedure 58, a judgment will be issued by separate document.

**It is so ordered** this 30th day of September, 2020.

Sam A. Lindsay
United States District Judge